ANTHONY J. ONCIDI (Bar No. 118135)
aoncidi@proskauer.com
HAROLD M. BRODY (Bar No. 84927)
hbrody@proskauer.com
G. SAMUEL CLEAVER (Bar No. 245717)
gcleaver@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

KENDRICK L. MOXON, SBN 128240
kmoxon@earthlink.net
MOXON & KOBRIN
3055 Wilshire Blvd., Ste 900
Los Angeles, CA 90010
Telephone: (213) 487-4468
Facsimile: (213) 487-5385

Attorneys for Defendant,
Church of Scientology International

FILED

2009 JUN -4 AM 10: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LAURA ANN DeCRESCENZO, aka
LAURA A. DIECKMAN

    Plaintiff,

v.

CHURCH OF SCIENTOLOGY
INTERNATIONAL, a corporate entity,
and DOES 1-20,

    Defendants.

Case No. CV09-3984

REMOVAL OF CIVIL ACTION
FROM THE SUPERIOR COURT
OF THE STATE OF
CALIFORNIA FOR THE
COUNTY OF LOS ANGELES TO
THE UNITED STATES
DISTRICT COURT

(Los Angeles County Superior Court,
Case No. BC 411018)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Church of Scientology International ("CSI") hereby removes to this Court the state action described below.

0047/21051-006
Current/14755290v

NOTICE OF REMOVAL

1. On April 2, 2009, an action was commenced in the Superior Court of the State of California in the County of Los Angeles, entitled "Laura Ann DeCrescenzo, aka Laura A. Dieckman, Plaintiff, v. Church of Scientology International, a corporate entity, and Does 1-20, Defendants," as case number BC 411018. A true and correct copy of the summons and complaint are attached hereto as Exhibit A and a true and correct copy of the Proof of Service of Summons by substituted service is attached hereto as Exhibit B. (Brody Decl. ¶ 2, Exs. A and B.)

2. On the same date, Plaintiff's counsel filed a Notice of Related Case asking, under LASC Local Rule 7.3(f), that this case be found to be related to *Claire Headley v. Church of Scientology*, LASC Case No. BC 405834. On April 30, 2009, the judge assigned to the Claire Headley matter, the Hon. Jane L. Johnson, ruled that the two cases were not related, so this case was not re-assigned and remained with the Hon. Ronald Sohigian for all purposes. A copy of the Notice of Related Case is attached as Exhibit C; a copy of the Court's order finding the two cases not related is attached as Exhibit D. (Brody Decl. ¶ 3, Exs. C, D.)

3. Defendant CSI was served by substituted service effective May 2, 2009.

4. Before CSI was required to answer or otherwise respond to the Complaint, Plaintiff informed CSI's counsel that he was going to file a First Amended Complaint ("FAC"). Plaintiff's counsel first provided a courtesy copy of the FAC to counsel for CSI on or about May 12, 2009. Plaintiff's counsel filed the FAC on or about May 19, 2009, and served a conformed copy of CSI's counsel on or about May 22, 2009. A copy of a conformed copy of the FAC served upon CSI's counsel is attached hereto as Exhibit E. (Brody Decl. ¶ 4, Ex. E.) Removal is being effected within 30 days of first receipt of a copy of the FAC by CSI's counsel and is thus timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, (1999); *Schneehagen v. Spangle*, 975 F.Supp. 973, 974 (S.D. Tex. 1997). As discussed

0047/21051-006
Current/14755290v

below, the FAC was the first pleading that raised a federal question; hence, CSI is removing the case within 30 days after receipt of an amended pleading from which it could be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(d).

5. The original complaint was not removable as it did not plead a federal question. The FAC, however, does plead a federal question. The FAC purports to plead seven causes of action: (1) Rescission of Unlawful Fraudulent Instruments; (2) Unpaid Wages Recoverable Under B&P § 17200; (3) Discrimination and Invasion of Privacy; (4) Forced Labor aka Human Trafficking; (5) Intentional Infliction of Emotional Distress; (6) Obstruction of Justice; and (7) Fraud and Deceit. In the fourth cause of action, for "Forced Labor," Plaintiff pleads that

> [p]ursuant to 18 USC [sic] §§ 1593 and 1595, Plaintiff has a private cause of action under the Federal Human Trafficking laws, including 18 USC [sic] § 1589 "Forced Labor", on which Plaintiff may recover the full amount of his [sic] loss, including payment at minimum wage and for overtime and reasonable attorneys [sic] fees.

(FAC ¶ 73.) Plaintiff also pleads that

> [t]he private cause of action for forced labor under 18 USC [sic] §§ 1589, 1593 and 1595 does not have a statute of limitation [sic] provision in the Federal Human Trafficking law. In that circumstance, state procedural law applies and sets the appropriate statute of limitation [sic] rule.

(Id. ¶ 74.) 18 U.S.C. § 1595, specifically invoked by Plaintiff, provides that the "victim" of an alleged human trafficking offense, "may bring a civil action against the perpetrator *in an appropriate district court of the United States . . . .*" (Emphasis added.) In her prayer for relief, Plaintiff prays for "all damages authorized by law

0047/21051-006
Current/14755290v

for forced labor/human trafficking as alleged herein . . . ." (Prayer ¶ 4, FAC at 50:16-18.)

6. Although this federal claim is pled along with other state law claims, the federal claim constitutes a separate and independent claim over which the federal courts originally could have exercised jurisdiction pursuant to 28 U.S.C. § 1331. Thus, the entire case is removable pursuant to 28 U.S.C. § 1441(c).

7. Notice of this removal is being given both to the adverse party and to the state court pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice to Adverse Party is attached as Exhibit F. A true and correct copy of the Notice to State Court is attached hereto as Exhibit G. (Brody Decl. ¶ 6, Exs. F, G.)

8. The Central District of California, Western Division, is the judicial district embracing the place where LASC Case No. BC 411018 is pending. *See* 28 U.S.C. § 84(c)(2).

9. Accordingly, LASC Case No. BC 411018 is properly subject to removal to the United States District Court for the Central District of California, Western Division.

In the event this Court should have any questions about the propriety of removal or may be inclined to remand this action, CSI respectfully requests that the Court issue an order to show cause why the case should not be remanded, affording the parties the opportunity to provide the Court with full briefing and argument.

DATED: June 3, 2009

PROSKAUER ROSE LLP
ANTHONY J. ONCIDI
HAROLD M. BRODY
G. SAMUEL CLEAVER

MOXON & KOBRIN
KENDRICK L. MOXON

_____
Harold M. Brody

Attorneys for Defendant,
Church of Scientology International

4
NOTICE OF REMOVAL