1  BARRY VAN SICKLE - BAR NO. 98645
2  1079 Sunrise Avenue
   Suite B-315
3  Roseville, CA  95661
   Telephone: (916) 549-8784
4  E-Mail:  bvansickle@surewest.net
5
6  Attorney for Plaintiff
   LAURA ANN DeCRESCENZO
7
8
9               UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  **LAURA ANN DeCRESCENZO**, aka **LAURA A. DIECKMAN,** | **CASE NO. CV09-3984 GHK (EX)** |
| 13                    Plaintiff, | |
| 14          vs. | **PLAINTIFF'S OPPOSITION TO MOTIONS OF DEFENDANT CSI FOR DISMISSAL UNDER RULE 12 (b)(6) OR FOR MORE DEFINITE STATEMENT** |
| 15  **CHURCH OF SCIENTOLOGY INTERNATIONAL, a corporate entity, AND DOES 1 - 20** | |
| 16 | |
| 17 | |
| 18             Defendants | **DATE:     August 10, 2009** |
| 19 | **TIME:     9:30 am** |
| 20 | **PLACE:   Roybal Federal Building,             Courtroom 650** |
| 21 | |
| 22 | **ASSIGNED TO THE HONORABLE JUDGE GEORGE H. KING** |

23
24
25
26
27
28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

I.      OVERVIEW...................................................................................1

II.     FACTUAL SUMMARY ................................................................2

III.    COMPLAINT ALLEGES FRAUD WHICH SUPPORTS
        DELAYED ACCRUAL BY REASON OF FRAUDULENT
        CONCEALMENT ...........................................................................4

IV.     RULE 12 STANDARDS MANDATE DENIAL OF MOTION...............7

V.      THE COMPLAINT ALLEGES A PRIMA FACIE CASE
        UNDER THE WAGE AND HOUR LAWS......................................8

VI.     PLAINTIFF WAS AN EMPLOYEE ENTITLED TO LEGAL
        COMPENSATION...........................................................................9

VII.    THE PROTECTION OF THE LABOR LAWS IS NOT
        WAIVABLE .................................................................................. 12

VIII.   PLAINTIFF ALLEGES A CASE OF FORCED LABOR.................... 13

IX.     PLAINTIFF'S FORCED LABOR CLAIM IS NOT TIME
        BARRED....................................................................................... 15

X.      PLAINTIFF ALLEGES A PRIMA FACIE CASE UNDER
        B&P §17200 ................................................................................ 16

XI.     PLAINTIFF CHALLENGES DEFENDANT'S ILLEGAL
        TERMINATION PROCEDURES AND DOCUEMNTS...................... 19

XII.    THE "PLAUSIBILITY" TEST ADDS NOTHING TO
        DEFENDANTS MOTION TO DISMISS ................................................ 21

XIII.   MOTION FOR MORE DEFINITE STATEMENT SHOULD
        BE DENIED................................................................................... 24

XIV.    CONCLUSION ............................................................................. 24

i

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**TABLE OF AUTHORITIES**

**CASES**

*Albemarle Paper Company v. Moody*,
    422 U.S. 405, 418, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) .......................... 16

*Amaral v. Cintas Corp. No. 2*,
    163 Cal.App.4th 1157, 1190-1 (2008) .......................................................... 20

*Ashcroft v. Iqbal*, 556 U.S. ___ ,
    128 S.Ct. 2931, 173 L.Ed 2d 868 (2009) ................................................ 13, 21

*Avco Corporation v. Precision Air Parts Inc.*,
    676 F.2d 494, 495 (11th Cir. 1982) ............................................................. 8

*Barrentine v. Arkansas-Best Freight System, Inc.*,
    450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) ................................ 12

*Bartels v. Birmingham*,
    332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947 (1947) ................................... 11

*Bennett v. Schmidt*,
    153 F.3d 516, 518 (7th Cir. 1998) ............................................................... 7

*Bonnette v. California Health and Welfare Agency*,
    704 F.2d 1465, 1469 (9th Cir. 1982) .......................................................... 10

*Broberg v. The Guardian Life Ins. Co. of America*,
    171 Cal.App.4th 912 (2009) ................................................................. passim

*Cauchi v. Brown*,
    51 F.Supp.2d 1014, 1016 (ED CA 1999) ...................................................... 7

*Cervantes v. City of San Diego*,
    5 F.3d 1273 (9th Cir. 1993) ......................................................................... 8

*Colle v. Brazos County Texas*,
    981 F.2d 237, 243 (5th Cir. 1993) ............................................................... 7

*Cortez v. Purolator Air Filtration Products Co.*,
    23 Cal.4th 163, 173-5 (2000) ..................................................................... 10

*Douglas Aircraft Co. v. Cranston*,
   58 Cal.2d 462, 465, 24 Cal.Rptr. 851, 374 P.2d 819 (1962) ......................16
*Dunlop v. Carriage Carpet Co.*,
   548 F.2d 139, 144 (6th Cir. 1977) ...............................................................11
*Falk v. General Motors Corp.*,
   496 F.Supp 2d 1088, 1094-98 (N.D. Cal 2007) ..........................................18
*Gilligan v. Jamco Development Corporation*,
   108 F.3d 246 (9th Cir. 1997).........................................................................7
*Goldberg v. Whitaker House Cooperative*,
   366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961) (FLSA) ...............9, 12
*Haddock v. Board of Dental Examiners of California*,
   777 F.2d 462, 464 (9th Cir. 1985) .................................................................7
*Hale v. State of Arizona*,
   967 F.2d 1356, 1360 (9th Circuit 1992)........................................................10
*Holdgrafer v. Unocal Corp.*,
   160 Cal.App.4th 907, 925 (2008) ..................................................................5
*Kimes v. Stone*,
   84 F.3d 1121, 1128 (9th Cir. 1996) ..............................................................15
*Mednick v. Albert Enterprises*,
   508 F.2d 297, 299 (5th Cir. 1975) ................................................................11
*Mudd v. McColgan*,
   30 Cal.2d 463 (1947)....................................................................................16
*Norco Construction Inc v. King County*,
   801 F.2d 1143 (9th Cir. 1986) ..................................................................4, 15
*Pashley v. Pacific Electric Railway Co.*,
   25 Cal.2d 226, 231 (1944) ............................................................................18
*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
   522 F.3d 1049, 1054 (9th Cir. 2008)..........................................................5, 16

iii

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

*Real v. Driscoll Strawberry Associates Inc.,*
    603 F2d 748, 754 (9th Cir. 1979) ................................................................11

*Supermail Cargo Inc v. United States,*
    68 F.3d 1204, 1206 (9th Cir. 1995) ..............................................................8

*Thompson v. City of Shasta Lake,*
    314 F.Supp 2d 1017 (E.D. Cal. 2004) .........................................................16

*Tony and Susan Alamo Foundation v. Secretary of Labor,*
    471 U.S. 290, 297, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985).........................9

*U.S. v. Calimlim,*
    538 F.3d 706, 712 (2008) ...........................................................................14

*United States v. City of Redwood City,*
    640 F.2d 963 (9th Cir. 1981)........................................................................7

*United States v. Silk,*
    331 U.S. 704, 712, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947) ...........................11

*United States v. White,*
    893 F.Supp. 1423, 1428 (CD CA 1995).........................................................7

*Usher v. City of Los Angeles,*
    828 F.2d 556, 561 (9th Cir. 1987) ...............................................................7

*Vernon v. Heckler,*
    811 F.2d 1274, 1278 (9th Cir. 1987)........................................................2, 16

*W.J. Usery v. Pilgrim Equipment Co.,*
    527 F.2d 1308, 1311 & 1315 (5th Cir. 1976) .........................................10, 11

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STATUTES**

18 USC ................................................................................................ 4

18 USC §1589 ........................................................................... passim

18 USC §1593 ................................................................................. 14

18 USC §1595 ........................................................................... 14, 15

B&P §17200 ............................................................................... passim

B&P §17208 ................................................................................ 4, 19

C.C.P. §337 ............................................................................. 2, 4, 20

C.C.P. §338 ...................................................................................... 4

California Labor Code ................................................................. 12, 20

Rule 12 ..................................................................................... passim

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## I.    OVERVIEW

Plaintiff Laura Ann DeCrescenzo worked for Defendant Church of Scientology International ("CSI").  Plaintiff worked long hours and was paid for her work.  Plaintiff was dependant upon her work at CSI for her food, shelter and income.  Defendant CSI controlled Plaintiff's work, hours and pay.  Therefore, under applicable law cited in the challenged First Amended Complaint ("Complaint") and below, Plaintiff was an employee of Defendant CSI.

As an employee of CSI, Plaintiff was entitled to the protection of state and federal labor laws.  Defendant CSI violated the labor laws and in fact completely ignored said laws.  Plaintiff seeks restitution of proper wages under law cited in the Complaint and herein.

In addition to being overworked and underpaid, Plaintiff was subjected to other violations of law and torts.  Plaintiff was deceived about her rights by Defendant CSI and subjected to the crime of "Forced Labor" as defined in 18 USC §1589.

This case has some unusual facts, but the Scientology enterprise, including Defendant CSI, is not a typical employer.  Defendant CSI goes to great lengths to avoid compliance with labor laws and avoid being sued for its illegal conduct. Much of this suit relates to that conduct.  In fact this suit was filed, in part, to establish for the benefit of other former employees of Defendant CSI that they have rights.  They need not fear the onerous and unenforceable confidentiality agreements, liquidated damage clauses, waivers and purported settlement agreements that Defendant CSI and other Scientology organizations force upon present and departing employees.  The usual practice is to videotape the signing process and refuse to give the victim access to signed documents or the videotape. The purpose is to scare the departing employee into silence.

The labor law and forced labor claims are quite well supported by law and evidence.  There are statute of limitation issues such as timing of "accrual",

1

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

discovery of claims, tolling, fraudulent concealment and estoppel to assert a statute of limitation defense.  These issues are raised in the challenged Complaint and supporting authorities are cited below.  The existence of statute of limitation issues mandates dismissal of this Rule 12 (b)(6)  motion to dismiss.  *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987).

Most of the statute of limitation issues are relatively straight forward; however, one of the issues may not be obvious at first glance.  That involves the legal theory underlying the First Cause of Action for Rescission of Unlawful and Fraudulent Documents.  The execution of Plaintiff's departing documents, or other employment "agreements" are subject to a four year from discovery of fraud or mistake limitation period.  C.C.P. §337(3).  If the fraud or mistake was discovered within the past four years, as is alleged, this claim is timely.  The theory of the First Cause of Action is that this case is, at least in part, an action based on written instruments subject to the four year "discovery" rule in C.C.P. §337(3) and is therefore timely.

There are several alternative reasons why this case is not time-barred.  These reasons involve issues of discovery, delayed accrual, tolling, estoppel nad fraudulent concealment, which are briefed below.

## II.    FACTUAL SUMMARY

Somewhat oversimplified, selected key facts may be summarized as follows:

1)    Plaintiff became a full time employee of Defendant Church of Scientology International ("CSI") by the age of 13.  (First Amended Complaint ("Complaint") #27, 33 & 34)

2)    Plaintiff was dependant upon her employment with CSI for food, shelter and a small income.  (Complaint #28)

3)    Plaintiff was required to have an abortion at age 17 to keep her employment with CSI.  (Complaint #'s 5 & 61(n))

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

4)      Plaintiff remained an employee of CSI until she became a suicide risk in 2004. (Complaint #'s 36 & 37)

5)      Plaintiff was effectively isolated from the outside world while working 100+ hour weeks for CSI. (Complaint #'s 27, 28, 29, 39, 83 & 84)

6)      Defendant violated state and federal labor laws in its employment of Plaintiff. (Complaint #'s 61 & 61)

7)      Among other violations of law, Plaintiff was not paid minimum wage, overtime rates or given one day of rest for six days of work. (Complaint #61)

8)      Plaintiff was coerced into providing cheap labor by, among other wrongful things, confinement schemes to cause Plaintiff fear of serious harm, threats of serious harm and severe punishment in violation of 18 USC §1589. (Complaint #'s 29, 34, 35, 68, 77, 83, 84, 87 & 88)

9)      Plaintiff was kept ignorant of her rights by Defendant's failure to give employees required notices of their rights. Defendant illegally failed to post required Wage Orders at the workplace. (Complaint #'s 17, 30, 39 & 61(c))

10)      Plaintiff was further deceived and misled by her employer, CSI, by its use of documents such as waivers, confidentiality clauses, penalty clauses and purported settlement agreements. (Complaint #'s 3, 30, 37, 38, 39, 40, 48, 102, 103 & 104)

11)      Defendant knew that its agreements would not stand up in court but used them anyway to scare, deceive and manipulate present and past employees. (Complaint #'s 48, 50, 102, 103 & 104)

12)      Plaintiff was subjected to intentional infliction of emotional distress. (Complaint #'s 85 – 89)

13)      Defendant has been engaged in witness tampering and obstruction of justice. (Complaint #'s 91 – 99)

3

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The Complaint alleges illegal and unfair business practices under B&P §17200 (commonly referred to as "UCL").  The state UCL statutes and case law makes all illegal, unfair and fraudulent business practices separately actionable under B&P §17200.  This includes federal laws and penal statutes, such as obstruction of justice laws, that may not have a private cause of action.  Also, B&P §17202 authorizes the court to enjoin illegal conduct as an unfair business practice, without the requirement of a class action.

For the purposes of the present Rule 12 motion to dismiss and strike, the Complaint properly alleges the requisites of duty, breach of duty and damages.  The factual allegations in numbers 1 – 13 above state a prima facie case.  It must be noted that Defendant does not address the elements of the claims in question.  The Complaint also contains background information and allegations that are both relevant and tend to show that Plaintiff's claims are indeed "plausible".

## III.   COMPLAINT ALLEGES FRAUD WHICH SUPPORTS DELAYED ACCRUAL BY REASON OF FRAUDULENT CONCEALMENT

The potentially applicable statutes of limitations include the following:

1)   C.C.P. §338(d) – three years from discovery of fraud or mistake;

2)   C.C.P. §337(3) – four years from discovery of fraud or mistake  for action based on written document;

3)   18 USC - ten years from accrual of forced labor claim; and

4)   B&P §17208 - four years from discovery of illegal/unfair business claim. *Broberg v. The Guardian Life Ins. Co. of America*, 171 Cal.App.4th 912 (2009).

Federal law applies the discovery rule to accrual of federal claims.  *Norco Construction Inc v. King County*, 801 F.2d 1143 (9th Cir. 1986).  Therefore, there are issues of discovery and accrual under all potentially applicable statutes of limitations.  This case presents issues of discovery by Plaintiff as it relates to "accrual", and issues of discovery by Plaintiff as it relates to fraudulent

4

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

concealment or estoppel to plead statute.  As noted by the court in *Platt Elec.
Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008), "A close
cousin of the discovery rule is the well accepted principle of fraudulent
concealment…<u>The rule of fraudulent concealment is applicable whenever the
defendant intentionally prevents the plaintiff from instituting suit.</u>" Id at 1055
(Emphasis added).  Plaintiff alleges, and can prove, that Defendant CSI
committed fraudulent concealment of her rights and claims.

As recognized by the *Platt* court, Defendant CSI should be barred by
fraudulent concealment from escaping its years of paying illegal wages and
extorting cheap labor.  Similarly, Defendant may be estopped by its wrongful
conduct to hide behind a statute of limitation defense in this case.  See,
*Holdgrafer v. Unocal Corp.,* 160 Cal.App.4th 907, 925 (2008).

Plaintiff alleges a plan, scheme and course of conduct to coerce cheap labor
and cover it up with documents, deceit and misinformation.  This conduct is
related to both the wrongful conduct underlying the Seventh Cause of Action for
Fraud and Deceit and to the conduct alleged in support of Plaintiff's claim of
fraudulent concealment and estoppel to plead a statute of limitation defense.

Selected factual allegations from the Complaint are referenced above.  For
purposes of the fraud and fraudulent concealment claims, the following
allegations are particularly pertinent:

1)      Plaintiff left home and worked full time for Defendant CSI from age
12 - 13.  (Complaint #34)

2)      Defendant CSI restricted Plaintiff's access to the outside world.
(Complaint #83)

3)      Plaintiff was required to sign employment documents purporting to
waive her rights.  She was not allowed to have copies of documents she was
required to sign, and Defendant <u>knew</u> these purported employment documents
and waivers would <u>not</u> stand up in court.  CSI management consciously decided

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

to use unenforceable employment agreements to intimidate, deceive and coerce employees.  (Complaint #51)

4)    Plaintiff only recently learned that she has legal claims against her former employer, CSI, irrespective of the fact she was required to sign documents that purportedly waived all claim and had penalty clauses that could ruin her financially if she sued a Scientology entity.  Defendant intended these illegal documents to prevent Plaintiff from making claims against Defendant CSI. (Complaint #'s 88 & 102)

5)    Defendant uses bogus waivers and releases to deceive departing employees into thinking they have no claims.  (Complaint #'s 39, 40, 102 & 103)

6)    Defendant makes a big production out of signing the release papers, including video taping part of the procedure, to falsely create the impression of a legal and binding exercise and resulting documents.  (Complaint #103)

7)    Defendant knew the documents were bogus but used them to scare employees and inhibit valid lawsuits.  (Complaint #104)

8)    Plaintiff has learned the identity of two former high ranking officials who participated in this scam and can presumably testify as to deceit and intimidation perpetuated upon employees.  (Complaint #107)

9)    Defendant CSI fraudulently conceals rights, fails to post Wage Orders and mislead workers into thinking they have no rights regarding wages and hours.  (Complaint #30)

10)   Plaintiff has been damaged by this wrongful conduct.  (Complaint #100)

While this should suffice, leave to amend would not be futile.  Plaintiff could allege more factual evidence and detail if required.  The allegations are factual in nature and show a pattern and scheme to deceive and intimidate employees.  "A pleading is sufficient under Fed.R.Civ.P. 9(b) if it identifies the circumstances constitute fraud so that the defendant can prepare an adequate

6

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1  answer from the allegations." *Spiegler v. Home Depot, U.S.A., Inc.*, 552 F. Supp.
2  2d 1036, 1042 (C.D. Cal. 2008).

3      The facts alleged in the Complaint are more than sufficient to allege a case
4  of fraud, fraudulent concealment and the lesser included offense of negligent
5  misrepresentation.[1]  The principle of fraudulent concealment applies to this case.
6  The Complaint alleges, and the underlying facts support, a claim for fraudulent
7  concealment that would delay "accrual" of all causes of action stated in the
8  Complaint, or alternatively result in tolling or estoppel to plead a statute of
9  limitation defense.  *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049,
10  1054 (9th Cir. 2008).

11  **IV.    RULE 12 STANDARDS MANDATE DENIAL OF MOTION**

12      The Court must assume that Plaintiff's allegations are true and must draw
13  all <u>reasonable</u> inferences in Plaintiff's favor.  The "reasonable" qualification is
14  consistent with any "plausibility" test.  See *Usher v. City of Los Angeles*, 828
15  F.2d 556, 561 (9th Cir. 1987).

16      "The motion to dismiss for failure to state a claim is viewed with disfavor
17  and is <u>rarely granted</u>." *Gilligan v. Jamco Development Corporation*, 108 F.3d
18  246 (9th Cir. 1997) (emphasis added); *Colle v. Brazos County Texas*, 981 F.2d
19  237, 243 (5th Cir. 1993).  A 12(b)(6) dismissal is proper only in "extraordinary"
20  cases.  *United States v. City of Redwood City*, 640 F.2d 963 (9th Cir. 1981);
21  *Cauchi v. Brown*, 51 F.Supp.2d 1014, 1016 (ED CA 1999); *United States v.*
22  *White* 893 F.Supp. 1423, 1428 (CD CA 1995).

23      "Instead of lavishing attention on the complaint until the plaintiff gets it
24  just right, a district court should keep the case moving..." *Bennett v. Schmidt*, 153
25  F.3d 516, 518 (7th Cir. 1998).

26
27  [1] The Complaint does not presently have a cause of action for Negligent Misrepresentation; however, it is
28  sufficient if the facts support the legal theory.  See, *Haddock v. Board of Dental Examiners of California,* 777 F.2d
    462, 464 (9th Cir. 1985)

---

7

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1  The fact that dates alleged in the complaint are beyond the statutory period
2  is not enough to support a Rule 12(b)(6) dismissal.  Dismissal can be granted
3  "only if the assertions of the complaint, read with the required liberality, would
4  not permit the plaintiff to prove that the statue was tolled." *Cervantes v. City of*
5  *San Diego*, 5 F.3d 1273 (9th Cir. 1993).

6  Where the running of the statute cannot be determined from the face of the
7  complaint, a Rule 12 motion to dismiss is not the correct procedure.  See *Avco*
8  *Corporation v. Precision Air Parts Inc.*, 676 F.2d 494, 495 (11th Cir. 1982);
9  *Supermail Cargo Inc v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995).
10  Concealment, estoppel and similar tolling doctrines are usually not amendable to
11  resolution on Rule 12(b)(6) motion.  (The above four paragraphs are largely
12  adopted from sections 9:210 on page 9-61 and 9:214 on page 9-67, Federal Civil
13  Procedure Before Trial, The Rutter Group 2009.)

14  **V.   THE COMPLAINT ALLEGES A PRIMA FACIE CASE UNDER**
15  **THE WAGE AND HOUR LAWS**

16  Defendant argues that Plaintiff does not state a "plausible" claim; however,
17  Defendant fails to address what is supposedly missing from the elements of a
18  prima facie case.  There is nothing missing.  A prima facie case has been plead on
19  numerous counts.

20  The Complaint alleges a prima facie case of entitlement to minimum wage
21  and overtime.  As addressed in legal briefing below, the requirement for
22  protection of the labor law is essentially the requirement of employment.  The
23  duty to pay employees, and matters relevant to issues of employment, are
24  addressed in the following paragraphs of the operative Complaint:

25  1)   The duty of employers to pay employees in accordance with labor
26  laws is alleged in paragraph #'s 4, 7, 8, 9, 10, 11, 13, 27, 28 and 42.  The duties
27  involved are drawn from statutes and case law, hence the numerous legal
28  authorities cited in the Complaint.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

2)      That Plaintiff was an employee of Defendant CSI and the factual and legal basis for the allegation of employment are alleged in paragraph #'s 5, 10, 11, 14, 15, 16, 17, 23, 24, 28, 29, 31, 34 and 42.

3)      That Defendant breached the duty to pay Plaintiff employee minimum wage and overtime rates is alleged in paragraph #'s 12, 27, 61 and 63.

In the listed paragraphs, the Complaint alleges the elements of a prima facie wage and hour case.  The employer has a legal duty to pay employees legal wages.  Defendant was Plaintiff's employer under the applicable legal standards, which are dealt with in some detail below.  A wage and hour case has been alleged.

## VI.    PLAINTIFF WAS AN EMPLOYEE ENTITLED TO LEGAL COMPENSATION

Plaintiff was employed by Defendant CSI for approximately 13 years (1991 – 2004).  This was a full-time job and Plaintiff's only source of income and support.  Plaintiff's work was controlled by Defendant.  As addressed below, these factors make Plaintiff an "employee" of Defendant as a matter of "economic reality", which is the applicable test.  (See, e.g. Complaint #'s 11 & 22)

The U.S. Supreme Court has held that the labor laws apply to employees of purported non-profit entities and that the test of employment is "economic reality".  *Tony and Susan Alamo Foundation v. Secretary of Labor,* 471 U.S. 290, 301, 105 S.Ct. 1953, 85 L.Ed.2d 278, 289 (1985) (Citing *Goldberg v. Whitaker House Cooperative*, 366 U.S. 28 at 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961).  Under the rule of *Alamo*, Plaintiff was entitled to be paid minimum wage and overtime rates.

The factors that may be considered in evaluating "economic reality" include control of work by employer and economic dependence by the employee.  The economic reality standard is well satisfied by the underlying facts concerning

9

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1  Plaintiff's day-to-day work for Defendant.  Plaintiff was employed by Defendant
2  as her sole occupation and source of income.  Working for Defendant was how
3  Plaintiff earned her food, shelter and cash income.  (See e.g. Complaint #28.)
4  Under the alleged facts of Plaintiff's working conditions and dependence on her
5  job with Defendant for her livelihood, Plaintiff has alleged facts showing
6  "employment".  Plaintiff was an employee as a matter of "economic reality", and
7  employees have entitlement to minimum wage and overtime pay.   *Hale v. State*
8  *of Arizona,* 967 F.2d 1356, 1360 (9th Circuit 1992) and *Bonnette v. California*
9  *Health and Welfare Agency,* 704 F.2d 1465, 1469 (9th Cir. 1982).

10       Plaintiff seeks restitution and recovery of unpaid wages under state and
11  federal labor laws.  The Cause of Action seeks restitution of unpaid wages as an
12  illegal and unfair business practice pursuant to B&P §17200, et. seq. has been
13  expressly approved by the California Supreme Court.  *Cortez v. Purolator Air*
14  *Filtration Products Co.,* 23 Cal.4th 163, 173-5 (2000).  As recognized in *Cortez*,
15  the failure to pay an employee minimum wage and overtime is a violation of
16  labor laws <u>and</u> an illegal business practice under B&P §17200.[2]   Accordingly,
17  Plaintiff has alleged a prima facie case of failure to pay an employee legal wages
18  as an illegal business practice under B&P §17200

19       As stated above, the test of employment status is an "economic reality"
20  standard.  In *W.J. Usery v. Pilgrim Equipment Co.*, 527 F.2d 1308, 1311 & 1315
21  (5th Cir. 1976) the court explained its rulings in terms pertinent to this case.  The
22  court stated:

23            "…the lesson taught by the Supreme Court's 1947 trilogy is
24            that any formalistic or simplistic approach to who receives the
25            protection of this type legislation must be rejected. In *Bartels*
26            *v. Birmingham*, 332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947

27
28  _____
[2] The B&P Code §17200 claim has the advantage over labor laws of a 4-year statute of limitation and case law
holding that the limitations period is subject to the accrual upon discovery rule. *Cortez*, *Supra*, 23 Cal 4th 163,179
and *Broberg v. The Guardian Life Ins. Co. of America,* 171 Cal. App.4th 912 (2009)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

(1947), the Court held that in the application of social legislation <u>employees are those who as a matter of economic reality are dependent upon the business to which they render service.</u>"  *Usery,* 527 F.2d 1311

The *Usery* court further stated:

"<u>Neither contractual recitations nor subjective intent can mandate the outcome in these cases</u>. Broader economic realities are determinative."  *Usery,* 527 F.2d 1308, 1315. (emphasis supplied)

The Ninth Circuit used the "economic reality" test described in the *Usery* case with apparent approval in *Real v. Driscoll Strawberry Associates Inc.,* 603 F2d 748, 754 (9th Cir. 1979).  The court stated:

"Courts have adopted an expansive interpretation of the definitions of "employer" and "employee" under the FLSA, in order to effectuate the broad remedial purposes of the Act. See, e. g., *Dunlop v. Carriage Carpet Co*., 548 F.2d 139, 144 (6th Cir. 1977); *Usery v. Pilgrim Equipment Co*., 527 F.2d 1308, 1311 n.6 (5th Cir.), Cert. denied, 429 U.S. 826, 97 S.Ct. 82, 50 L.Ed.2d 89 (1976). Cf. *United States v. Silk*, 331 U.S. 704, 712, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947) (Social Security Act). The common law concepts of "employee" and "independent contractor" are not conclusive determinants of the FLSA's coverage. See *W.J. Usery v. Pilgrim Equipment Co*., *Supra*, 527 F.2d at 1311 n.6; *Mednick v. Albert Enterprises*, 508 F.2d 297, 299 (5th Cir. 1975). Rather, in the application of social legislation employees are those who as a matter of economic reality are dependent upon the business to which they render service. (*Bartels v. Birmingham*, 332 U.S.

11

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

126, 130, 67 S.Ct. 1547, 1550, 91 L.Ed. 1947 (1947) (Social

Security Act) (emphasis added).)  See *Goldberg v. Whitaker*

*House Cooperative*, 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d

100 (1961) (FLSA)."

Plaintiff worked for Defendant to earn her livelihood.  As a matter of

"economic reality", Plaintiff was an employee as alleged in the Complaint.

## VII.   THE PROTECTION OF THE LABOR LAWS IS NOT WAIVABLE

The right to minimum wage and overtime cannot be given away by the

employee or taken away by the employer.  As often recognized by the courts, the

Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. ("FLSA"), was enacted to

protect workers such as Plaintiff from the evils of "overwork" and "underpay".

See e.g., *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739,

101 S.Ct. 1437, 67 L.Ed.2d 641 (1981).

Accordingly, the U.S. Supreme Court has expressly found that FSLA

rights, e.g. minimum wage and overtime, cannot be abridged by contract or

otherwise waived.

"This Court's decisions interpreting the FLSA have frequently

emphasized the nonwaivable nature of an individual

employee's right to a minimum wage and to overtime pay

under the Act. Thus, we have held that FLSA rights cannot be

abridged by contract or otherwise waived…" *Barrentine v.*

*Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 101 S.Ct.

1437, 67 L.Ed.2d 641 (1981).

Similarly, the rights to minimum wage and overtime under the California

Labor Code cannot be lost, waived, disclaimed or contracted away.  Calif. Labor

Code §1194.  The Complaint properly and adequately addresses the "waiver"

issue in several paragraphs, including #s 4, 8, 10, 20 and others.  (This relates to

the "duty" issue and amplifies the "plausibility" of Plaintiff's wage and hour

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1    claims consistent with the supposed new pleading rules.  See, *Ashcroft v. Iqbal*,

2    556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed 2d 868 (2009).  Accordingly, the

3    allegation regarding waiver should not be stricken.)

4    **VIII.  PLAINTIFF ALLEGES A CASE OF FORCED LABOR**

5         18 USC §1589 has been clarified in recent amendments.  The current

6    version, which is not the version quoted in paragraph #71 of the Complaint, states

7    in part as follows:

8            "Whoever knowingly provides or obtains the labor or

9         services of a person by any one of, or by an combination of,

10        the following means -

11            (1)     by means of force, threats of force, physical

12           restraint or threats of physical restraint to that

13           person or another person;

14            (2)     by means of serious harm or threats of

15           serious harm to that person or another person;

16            (3)     by means of the abuse or threatened abuse of

17           law or the legal process; or

18            (4)     by means of any scheme, plan, or pattern

19           intended to cause the person to believe that, if the

20           person did not perform such labor or services, that

21           person or another person would suffer serious

22           harm or physical restraint;

23         shall be punished as provided under subsection (d)."

24      The current version includes a clarifying definition of "serious harm",

25    which is defined as follows:

26           "The term "serious harm" means any harm, <u>whether</u>

27         <u>physical or nonphysical, including psychological, financial,</u> or

28         reputational harm, that is sufficiently serious under all the

13

1  surrounding circumstances, to compel a reasonable person of

2  the same background and in the same circumstances to

3  perform or to continue performing labor or services in order to

4  avoid incurring that harm." (Emphasis added)

5       The definition of "serious harm" is consistent with recent case law on the

6  subject. One court has expressed the view that the forced labor statute was

7  enacted in response to case law holding that physical restraint was required to

8  convict under 18 USC §1589 for involuntary servitude. That court continued to

9  note that "The language of §1589 covers nonviolent coercion…" *U.S. v.*

10 *Calimlim,* 538 F.3d 706, 712 (2008) (Emphasis added). The apparent point being

11 made by the *Calimlim* Court is that less is required for "serious harm" under the

12 forced labor statute than was previously required in "involuntary servitude" cases.

13      In *Calimlim*, the "serious harm" was the threat of having no money to send

14 back home and possible reporting of immigration law violations. Id at 711. That

15 was sufficient to uphold a criminal conviction under the forced labor statute.

16      18 USC §1589 "Forced Labor" has a civil remedy and a ten year statute of

17 limitation provided in 18 USC §1595(a) & (c). The statutory scheme also

18 provides for "mandatory restitution" of the "full amount of the victims losses."

19 18 USC §1593 (3).

20      The crime and tort of "forced labor" is distinct from and different than

21 wrongful imprisonment and involuntary servitude. Forced labor is akin to

22 extortion. Labor is wrongfully coerced by threats of "serious harm" or plan to

23 cause fear of such harm. "Forced labor" does not require chains, locks, tall fences

24 or prison-like surroundings. A threat of , or scheme to cause fear of, "serious

25 harm" will suffice. What the forced labor statute requires is force, threats of

26 force, physical restraint, serious harm, or scheme, plan or pattern intended to

27 create a belief in the victim that they would suffer serious harm if they did not

28 provide the labor or services demanded of them. This includes nonphysical,

14

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1   psychological, financial or reputational harm.  18 USC §1589 (a)(c)(2).  Plaintiff

2   was subjected, at minimum, to threats of "serious harm" and a scheme, plan or

3   pattern intended by the Scientology enterprise, including Defendant CSI, to

4   intimidate Plaintiff into providing coerced labor at illegal wages and under

5   abusive working conditions.  Plaintiff was subjected to "serious harm" to keep her

6   in line.  The "RPF", as referenced in the Complaint (#'s 25, 61(k), 84 & 88), is

7   but one example of the threat Scientology hangs over the head of a worker such

8   as Plaintiff.

9          Plaintiff kept working for Defendant CSI for years to avoid such "serious

10  harm" and the Complaint so alleges.  (Complaint #'s 26, 26, 29, 34, 35, 68, 83,

11  84, 87 & 88)  If necessary, more detail and facts can be alleged in a further

12  amended complaint.  A forced labor claim exists and has been adequately alleged.

13  **IX.    PLAINTIFF'S FORCED LABOR CLAIM IS NOT TIME BARRED**

14         The current statute of limitations on a federal forced labor claim is 10 years

15  from accrual.  18 USC §1595(3).  While state law controls state law claims,

16  federal law controls when a federal claim "accrues" for purposes of starting the

17  running of a statute of limitations.  A federal claim is generally considered to

18  accrue when plaintiff learns of the basis of the action.  *Norco Construction Inc v.*

19  *King County*, 801 F.2d 1143 (9th Cir. 1986).  *Kimes v. Stone*, 84 F.3d 1121, 1128

20  (9th Cir. 1996).  The "discovery" rule therefore applies to federal claims including

21  Plaintiff's claim for forced labor.

22         Accordingly, Plaintiff's forced labor claim did not "accrue" when she

23  escaped, but rather when she learned of the claim.  That would present an issue of

24  fact not apparent from the face of the Complaint.  Further, Plaintiff would have

25  ten years from accrual under 18 USC §1595(3).  Essentially, application of the

26  correct statute of limitations requires ascertaining the accrual date.  As this cannot

27  be ascertained on the face of the Complaint, the motion to dismiss must be

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1  denied.  See *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987).  Also, this is
2  before one adds fraudulent concealment to the equation.

3      Regarding the expansion of the limitations period from four years to ten,
4  Defendant is dead wrong on this point.  The rule is that the time to file on an
5  existing claim is extended by new statute of limitation rules that enlarge the time
6  to file.  The enlargement to ten years would apply under Plaintiff's allegations of
7  fact, which are true in fact and for purposes of this motion.  See, *Thompson v.*
8  *City of Shasta Lake*, 314 F.Supp 2d 1017, 1024 (E.D. Cal. 2004); *Mudd v.*
9  *McColgan*, 30 Cal.2d 463, 468 (1947); *Douglas Aircraft Co. v. Cranston*, 58
10  Cal.2d 462, 463, 24 Cal.Rptr. 851, 374 P.2d 819 (1962).  Defendant argues these
11  same authorities for the erroneous premise that statute of limitation cannot be
12  enlarged by subsequent legislation.  Statutes of limitation may be enlarged as
13  indicated in the authorities cited in this paragraph.

14      Further, "(W)here federally protected rights have been invaded, it has been
15  the rule from the beginning that courts will be alert to adjust their remedies so as
16  to grant the necessary relief…The injured party is to be placed, as near as may be,
17  in the situation he would have occupied if the wrong had not been committed."
18  *Albemarle Paper Company v. Moody*, 422 U.S. 405, 418, 95 S.Ct. 2362, 45
19  L.Ed.2d 280 (1975).  Therefore, if Plaintiff's federal rights have been violated
20  under the forced labor laws, Plaintiff's claim is not rendered trivial or
21  "implausible" by potential statute of limitation issues.  Also, the Court has
22  equitable powers to prevent Defendant from escaping liability by wrongful
23  conduct.  *Platt, Id.*

24  **X.    PLAINTIFF ALLEGES A PRIMA FACIE CASE UNDER B&P**
25  **§17200**

26      Plaintiff alleges a series of past and present unfair business practices.  All
27  of the wrongs alleged in the Complaint could constitute an illegal or unfair
28  business practice actionable under B&P §17200.  This would include failure to

16

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

pay legal wages, failure to post wage orders, human trafficking, involuntary servitude, coerced abortions, obstruction of justice, fraud in connection with employment agreements, intentional infliction of emotional distress and all other violations of law referenced in the Complaint.

"California's statutory unfair competition laws broadly prohibit unlawful, unfair, and fraudulent business acts. (Citation omitted).  Unlawful acts are "anything that can properly be called a business practice and that at the same time is forbidden by law . . . be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court-made"…(Citations omitted)"  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008).

The scope of California state law claims for illegal or unfair business practices includes federal law and unfair practices that are not necessarily illegal. Further, it would include illegal and unfair practices such as witness tampering and obstruction of justice even if the federal obstruction of justice statute, for example, does not provide for a private right of action.  *Sybersound, Supra* at 1152.

Human trafficking, for example, would be independently actionable, and actionable as an illegal or unfair business practice under B&P §17200.  Even if the state law on human trafficking was not a penal statute until 2005, human trafficking would still be illegal under federal law and "unfair" under state law standards at all times including prior to enactment of the state penal code section in 2005.  Plaintiff also alleges involuntary servitude (Complaint #72) and forced labor would constitute a form of extortion.

Further, the controlling state law for this case would be the recent case of *Broberg v. The Guardian Life Ins. Co. of America*, 171 Cal.App.4th 912 (2009) in which the Court of Appeals held that a cause of action would not accrue under B&P §17200 until discovery of the claim.  As noted in the Rule 12 discussion above, accrual issues are not proper subject for a Rule 12(b)(6) motion to dismiss.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1    In addition to the accrual upon discovery rule applicable to this case under

2    authority of *Broberg, Supra*, there are similar but distinct issues raised by the

3    equitable principle of deceit and fraudulent concealment.  For example,

4    Defendant's failure to post Wage Orders would be actionable as deceit or fraud

5    by omission under California law and would be actionable as an illegal business

6    practice under B&P §17200.  (See, *Falk v. General Motors Corp.*, 496 F.Supp 2d

7    1088, 1094-98 (N.D. Cal 2007).)

8    As defined in California Civil Code §1710, a deceit "is either:

9    1.    The suggestion, as a fact, of that which is not true, by one who does

10   not believe it to be true;

11   2.    The assertion, as a fact, of that which is not true, by one who has no

12   reasonable ground for believing it to be true;

13   3.    The suppression of a fact, by one who is bound to disclose it, or who

14   gives information of other facts which are likely to mislead for want of

15   communication of that fact; or,

16   4.    A promise, made without any intention of performing it."

17   The failure to disclose a material fact is wrongful deceit under state law.

18   As employers have a duty to disclose and post Wage Orders, the failure to post

19   Wage Orders is deceit, an illegal business practice, and grounds for a finding of

20   fraudulent concealment which would estopp Defendant from escaping liability for

21   paying legal wages.  Any applicable statutes of limitation are effectively tolled, or

22   "accrual" is delayed, while Defendant's wrongful concealment runs its course.

23   *Pashley v. Pacific Electric Railway Co.*, 25 Cal.2d 226, 231 (1944).

24   The state law statute of limitations for deceit regarding Defendant's failure

25   to post Wage Orders would be three years from discovery of the deceit, or related

26   mistaken beliefs caused Plaintiff by said deceit.  (Civil Code §338(d).

27   Alternatively, the statue of limitation for the illegal business practice of not

28   posting Wage Orders in the work place would be four years from discovery under

18

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1  B&P §17208.  (*Broberg*, Id).  This presents questions not amendable to resolution
2  in a Rule 12(b)(6) motion to dismiss.

3       Plaintiff states claims for illegal pay, human trafficking, fraud, deceit and
4  obstruction of justice.  Plaintiff alleges recent discovery of her claims, and past
5  mistakes caused by Defendants deceit, which is consistent with the facts and is
6  "plausible". (See Complaint #88.)  Plaintiff was taken away from her parents at
7  age 12, worked in isolation and under coercive conditions, was fed false
8  information and not allowed to know her rights under the labor laws.  She was
9  kept in the dark for years.  Instant awareness would not occur upon freedom.  A
10 claim has been stated.

11 **XI.   PLAINTIFF CHALLENGES DEFENDANT'S ILLEGAL**
12 **TERMINATION PROCEDURES AND DOCUEMNTS**

13      Defendant takes a serious last shot at departing employees.  The process is
14 referred to as "routing out" and it can take months.  The process is designed to
15 prevent departures, and as a last resort to render the departing employee harmless.
16 The process is internally referred to as "litigation prevention".

17      The Complaint alleges that:

18      1)     Plaintiff was allowed to leave as a suicide risk.  (#'s 36 & 27)

19      2)     Plaintiff was still required to go through an exit process.  (#37)

20      3)     Plaintiff was taken to a room and required to sign papers before
21 leaving the room.  (#37)

22      4)     Plaintiff was not allowed to have copies of what she signed.  (#'s 37
23 & 40)

24      5)     Plaintiff was told that she had no rights or claims against
25 Scientology.  (#'s 37 & 39)

26      6)     Although CSI knew the purported exit documents were improper and
27 unenforceable, management chose to use the documents to intimidate and deceive

28

---

19

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1   departing employees for the purpose of scaring employees into silence and

2   surrender.  (#51)

3          7)     Any claims brought by Plaintiff would have been improperly

4   "burdened" by these bogus waivers, purported "settlement" and "penalty"

5   documents.

6          Plaintiff therefore brings a claim arising out of these illegal and

7   unenforceable termination agreements.  Plaintiff alleges a prima facie case of

8   rescission in #'s 50 – 59.  The time period to bring an action for rescission on

9   grounds of fraud or mistake is four years from discovery of the fraud or mistake.

10  C.C.P §337 (3).  Therefore a claim is stated and, on the face of the Complaint, the

11  claim is timely.  It should not be dismissed.

12         On a related point, Defendant complains that Plaintiff did not attach copies

13  of the bogus releases, waiver and obnoxious "agreements" to the Complaint.

14  That is absurd.  Defendant controls access to these documents and takes the

15  position that departing employees are not entitled to copies.  (At minimum, that

16  seems suspicious and suggests foul play.)  According to Defendant's logic, it can

17  escape all liability by keeping the papers and not giving employees copies.  That

18  would be convenient for Scientology but cannot be the law.  Where a party keeps

19  relevant documents, the burden shifts to that party on issues governed by said

20  documents.  See *Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157, 1190-1

21  (2008).  Further, Plaitniff will obviously seek these documents in discovery.

22         Further, under the California Labor Code, an employer is required to keep

23  employment records and give copies of employment instruments to employees.

24  Defendant cannot use its calculated scheme to keep employment documents from

25  employees to Defendant's advantage.  (See e.g. California Labor Code §432.)  As

26  a practical matter, the fact that Defendant puts departing employees through an

27  elaborate "exit" ceremony and keeps the purported "evidence" further

28  demonstrates the improper purpose of this deceitful and coercive practice.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## XII.   THE "PLAUSIBILITY" TEST ADDS NOTHING TO DEFENDANTS MOTION TO DISMISS

Plaintiff worked but did not get properly paid.  Plaintiff worked under threat of serious harm.  As demonstrated herein, that makes a prima facie case.  A prima facie case is inherently a plausible case.  Defendant seems to argue that under *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed 2d 868 (2009), the Complaint must be dismissed as implausible.  That is truly nonsense.  In *Ashcroft*, the Court was dealing with an alleged terrorist and rights of governmental immunity.  The Court noted that there must be enough facts in the Complaint to state a plausible claim.  The Court stated:  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, *Supra*, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed 2d 868 (2009).

Initially, it might be noted that Defendant moves to strike many allegations that tend to show this elusive "plausibility".  The motion to strike attacks allegations of legal duty and nature of the Defendant, which tends to show "plausibility".  In Defendant's motion to strike, Rule 8 is the rule; in the motion to dismiss, Rule 8 is not the Rule.  The inconsistency is obvious.  Also, it is unclear as to what Defendant claims would suffice under its amorphous version of the "plausibility" test.

With "plausibility" as a reference point, the Complaint alleges illegal and outrageous conduct on the part of CSI.  Among other things,

1)      CSI took Plaintiff from her family and put her to work at age 12.  Child labor and education laws were ignored.  (Complaint #'s 31 & 32)

2)      CSI had Plaintiff sign an employment contract at age 12. (Complaint #31)

3)      CSI cut Plaintiff off from her parents at age 12 – 13. (Complaint #34)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1    4)    Plaintiff would be an employee under Scientology's own documents

2    and definitions, yet they refuse to admit CSI has employees.  (Complaint #'s 14,

3    15 & 16)

4    5)    Plaintiff was required to sign documents and not allowed to have

5    copies of what she signed.  (Complaint #'s 20, 26, 31, 37, 40 & 52)

6    6)    Plaintiff was coerced to have an abortion while still a minor.

7    (Complaint #5)

8    7)    Plaintiff worked for CSI at below minimum wage from 1991 to

9    2004.  (Complaint #12)

10    8)    Defendant threatens to make employees pay for training courses if

11    they breach their purported "covenants" of employment by refusing to continue

12    employment.  Defendant attempted to collect a "debt" from Plaintiff when she

13    escaped.  Plaintiff paid $10,000 on this illegal debt.  (Complaint #'s 23, 25 & 26)

14    9)    Defendant makes employees sign waivers, gag orders and

15    "liquidated damage" (i.e. penalty) clauses in the guise of employment contracts.

16    (Complaint #26)

17    10)    Plaintiff was required to work 100+ hour weeks at below minimum

18    wage, no overtime pay and was illegally required to work seven days a week.

19    (Complaint #27)

20    11)    Plaintiff was economically dependant on her employment with

21    Defendant CSI for the bare necessities of life, such as food, shelter and small

22    income.  (Complaint #28)

23    12)    Plaintiff was confined to where she worked.  (Complaint #'s 29 &

24    34)

25    13)    Plaintiff was subjected to the punishment, and serious harm, of the

26    Rehabilitation Project Force ("RPF") which is an extreme and demeaning

27    working environment with no personal liberties.  It is designed to punish,

28    humiliate, coerce and admonish.  (Complaint #35)

22

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

14)     To escape for CSI, Plaintiff had to sign releases and waivers under coercion and duress and she was not allowed to have copies of the documents she was forced to sign.  (Complaint #'s 37 & 40)

15)     Defendant has an elaborate, theatrical exit procedure designed to mislead former employees and deceive and intimidate them into silence and not suing to vindicate their rights.  (Complaint #'s 38, 39, 40, 48, 51, 102, 103, 104 & 107)

16)     Plaintiff was regularly interrogated on a primitive lie-detector during her employment at CSI, which is illegal.  (Complaint #'s 61(o), 68 & 87)

17)     Plaintiff suffered from the "indicators" of human trafficking when she worked for Defendant CSI.  (Complaint #77)

18)     Plaintiff was deprived of personal liberties and threatened with serious harm if she did not provide coerced labor for Defendant CSI.  The "serious harm" threat included the "RPF", where workers are deprived of basic human rights.  (Complaint #'s 83 & 84)

19)     Plaintiff was further deceived of her rights by Defendant's failure and refusal to post legally mandated notices, including Wage Orders, in the workplace.  (Complaint #'s 17, 30 & 61(c))

20)     High ranking officials of the Scientology enterprise, including Defendant CSI, knew that employment documents such as waivers and confidentiality agreements were improper and unenforceable, yet they decided to use the bogus agreements to deceive and scare employees into silence and great reluctance to speak out or file suit against Scientology.  (Complaint #'s 39, 40, 48, 51, 102, 103, 104 & 107)

This states a case way beyond plausible.  Plaintiff suffered an ordeal she should never have had to suffer.  Plaintiff has a powerful case, that Defendant cannot win on the merits.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1   **XIII.  MOTION FOR MORE DEFINITE STATEMENT SHOULD BE**
2   **DENIED**

3       The Motion for More Definite Statement should be denied for many of the
4   same reasons the Rule 12(b)(6) motion to dismiss must be denied.  The
5   Complaint adequately alleges the causes of action set forth therein.  Further,
6   while Defendant would prefer to stick its head in the sand, Defendant had almost
7   complete control of Plaintiff's work and life for the period of employment.
8   Defendant knows what happened, should know it has not valid defenses, and
9   should be called upon to Answer this Complaint.

10  **XIV.  CONCLUSION**

11      Defendants' Rule 12 motions to dismiss motions for a more definite
12  statement and, motions to strike portions of the Complaint should be denied.
13  Alternatively, Plaintiff must be granted leave to amend to address whatever
14  pleading issue may concern the Court.

15  July 27, 2009

16

17                                          _____
                                            BARRY VAN SICKLE
18                                          Attorney for Plaintiff
                                            LAURA ANN DeCRESCENZO
19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**