E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3984-GHK (Ex) | Date | November 5, 2009 |
|---|---|---|---|
| Title | *Laura DeCrescenzo v. Church of Scientology International, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order re: Defendant's Motion to Dismiss and Motion to Strike

    This matter is before us on Defendant Church of Scientology International's ("Defendant") Motion to Dismiss Plaintiff Laura DeCrescenzo's ("Plaintiff") First Amended Complaint ("FAC") and Defendant's Motion to Strike Portions of the FAC. We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts in this case, we will repeat them only as necessary. Accordingly, we rule as follows.

    As an initial step, we address Defendant's argument that Plaintiff's claim under 18 U.S.C. § 1595, which created a private right of action for violations of the federal forced labor and human trafficking statute, 15 U.S.C. § 1589, is time-barred. (FAC ¶¶ 70-74, 83-84). This is Plaintiff's only federal claim. Plaintiff's original Complaint was filed on April 2, 2009.

    We must first identify the correct accrual date for the statute of limitations. Plaintiff worked for Defendant from 1991 to 2004, at which time she "escaped at the age of twenty-five." (FAC ¶¶ 6, 12).[1] Under federal law, a claim accrues "when a party knows or has reason to know of the injury . . . ." *Golden Gate Hotel Ass'n v. City and County of San Francisco*, 18 F.3d 1482, 1486 (9th Cir. 1994) (citation omitted); *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) ("We have made it clear that, in general, the discovery rule applies to statutes of limitations in federal litigation, that is, federal law determines when the limitations period begins to run, and the general federal rule is that a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (quotation marks, citations, alterations omitted).

    Based on the record, it is clear that Plaintiff's claim could have accrued no later than upon Plaintiff's leaving Defendant's employment in 2004. At that point in time, she was free from

---

[1] Plaintiff did not in fact flee on foot, as the term "escape" implies. She was in fact deemed a suicide risk after swallowing bleach and required to sign termination papers as part of her "exit process." (FAC ¶¶ 36-38).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3984-GHK (Ex) | Date | November 5, 2009 |
|---|---|---|---|
| Title | *Laura DeCrescenzo v. Church of Scientology International, et al.* | | |

Defendant's control, able to learn of her rights, and possessed full knowledge of the factual allegations that gave rise to her claim. The Complaint does not state on which specific date in 2004 Plaintiff's employment was terminated. (FAC ¶ 6). Therefore, we will assume that Plaintiff left Defendant on December 31, 2004 for purposes of this analysis.

Next we must identify the applicable statute of limitations. This case is governed by 28 U.S.C. § 1658, the "catch-all" four-year statute of limitations for any claim brought under a federal statute enacted after December 1, 1990, which does not supply its own statute of limitations. *See Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 377-83 (2004) (describing the legislative history behind Section 1658's enactment and clarifying that Section 1658 applies equally to all "new rights of action," including amendments to existing statutes, and is not restricted to entirely new sections of the United States Code). Section 1658, in relevant part, states: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." As 18 U.S.C. § 1595(c) was enacted in 2003, Plaintiff's federal forced labor claim is governed by the four-year statute of limitations in § 1658. December 31, 2008, four years from the accrual date, is well before April 2, 2009, the date on which the original Complaint was filed. Therefore, Plaintiff's federal forced labor claim is untimely.

Plaintiff's claim can only be saved in two ways: (1) if Congress expressly made § 1595(c) retroactive; or (2) if the claim were not already barred as of the effective date of the ten-year statute of limitations for civil actions under the federal forced labor statute contained in the later-enacted 18 U.S.C. § 1595(c) ("No action may be maintained under this section unless it is commenced not later than 10 years after the cause of action arose."). Regarding the first option, there is nothing on the face of the statute or in the legislative history that makes the statute applicable retroactively. *See* Pub. L. 110-457, Title II, §§ 221(2), 407, 122 Stat. 5067 (Dec. 23, 2008). Regarding the second option, it has long been the law in the Ninth Circuit that absent an expression of contrary legislative intent, "[i]t is the general rule that subsequent extensions of a statutory limitation period will not revive a claim previously barred." *Davis v. Valley Distrib. Co.*, 522 F.2d 827, 830 (9th Cir. 1975). *See also Jordan v. Herrera*, No. CV0303127SVW, 2003 WL 22668840, at *4 (C.D. Cal. Nov. 7, 2003) ("A claim is barred, or 'stale,' if the applicable statute of limitations period expires prior to the enactment of the statutory enlargement."); *Chenault v. United States Postal Service*, 37 F.3d 535, 539 (9th Cir. 1994) ("[W]e hold that a newly enacted statute that lengthens the applicable statute of limitations may not be applied retroactively to revive a plaintiff's claim that was otherwise barred under the old statutory scheme because to do so would 'alter the substantive rights' of a party and 'increase a party's liability.'"). Section 1595(c) became effective 180 days after its enactment on December 23, 2008. *See* Pub. L. 110-457, Title II, §§ 221(2), 407, 122 Stat. 5067 (Dec. 23, 2008). Therefore, the ten-year statute of limitations did not become effective until well after December 31, 2008, the last day on which Plaintiff could file her Complaint under the prior applicable statute of limitations, 28 U.S.C. § 1658. As Plaintiff's claim had expired prior to that effective date of § 1595(c), applying the ten-year statute of limitations to the § 1595 claim would impermissibly revive a time-barred claim.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3984-GHK (Ex) | Date | November 5, 2009 |
|---|---|---|---|
| Title | *Laura DeCrescenzo v. Church of Scientology International, et al.* | | |

      Plaintiff is time-barred unless there is some basis for applying equitable estoppel or equitable tolling. First, Plaintiff argues that we should equitably estop Defendant from raising the statute of limitations defense on two distinct grounds: (1) Defendant fraudulently concealed the facts giving rise to Plaintiff's forced labor claim; and (2) Defendant deceived Plaintiff as to her legal rights by coercing her into signing waivers upon her termination and intimidating Plaintiff by falsely claiming she owed Defendant "Freeloader Debt." Under *Santa Maria v. Pacific Bell*, equitable estoppel may bar the statute of limitations defense when a defendant misrepresents or conceals facts necessary to support a claim. 202 F.3d 1170, 1176-77 (9th Cir. 2000), *overruled on other grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2001). "A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied." *Santa Maria*, 202 F.3d at 1176 (citing *Naton v. Bank of California*, 649 F.2d 691, 696 (9th Cir. 1981)). Moreover, "conduct or representations by the defendant-employer which tend to lull the plaintiff into a false sense of security, can estop the defendant from raising the statute of limitations, on the general equitable principle that no man may take advantage of his own wrong." *Atkins v. Union Pac. R.R.*, 685 F.2d 1146, 1149 (9th Cir. 1982) (internal quotation marks and alterations omitted).

      Defendant did not and could not conceal the underlying factual basis necessary to support Plaintiff's federal forced labor claim. Although Plaintiff argues that Defendant engaged in a variety of coercive and misleading tactics, none of these allegations establish that the underlying facts of Plaintiff's claims were concealed from her. (*See* FAC ¶¶ 7, 19-20, 38, 41; *id.* ¶ 25 ("Defendant CSI uses the threat of Freeloader Debt as economic coercion to keep employees working under harsh and illegal working conditions."); *id.* ¶ 26 ("Scientology makes its employees sign gag papers that have purported 'liquidated damage' clauses."); *id.* ¶ 38 (describing Defendant's requiring Plaintiff to sign purportedly unenforceable waivers of legal claims upon termination); *id.* ¶ 39 ("During her 'exit interview' process, it was falsely misrepresented to Plaintiff, expressly or implicitly, that she had no claims or rights, had no recourse against CSI and others, and that she owed CSI approximately $120,000 for her on-the-job training since age twelve."); *id.* ¶ 105 ("Employees such as plaintiff have been intimidated, deceived and coerced by the use and threat of the unlawful and unenforceable instruments . . .")).[2] Notably, Plaintiff does not allege that any new facts were discovered between the end of 2004 and the filing of her Complaint in 2009. Plaintiff allegedly endured years of mistreatment and deliberately plotted to secure her termination by swallowing bleach, knowingly exploiting Defendant's "paranoi[a]" over employee suicide. (*Id.* ¶¶ 36-37). In light of these and other allegations betraying Plaintiff's awareness of her situation, it is clear that Defendant did not effectively conceal the underlying facts that give rise to Plaintiff's forced labor claim by way of waivers and misrepresentations upon her termination. Furthermore, Plaintiff does not allege any conduct by Defendant subsequent to her termination in 2004 that concealed the alleged wrongs done to Plaintiff or the facts that give rise to her forced labor claim.

---

      [2] We express no opinion as to whether any documents Plaintiff signed upon her termination are in fact void as contrary to law and therefore unenforceable.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3984-GHK (Ex) | Date | November 5, 2009 |
|---|---|---|---|
| Title | *Laura DeCrescenzo v. Church of Scientology International, et al.* | | |

*See Thorman v. Am. Seafoods Co.*, 421 F.3d 1090, 1094 (9th Cir. 2005) (stating that plaintiff seeking to establish equitable estoppel due to fraudulent concealment carries burden of proving that defendant "affirmatively misled" plaintiff as to the operative facts that gave rise to his claim, and plaintiff "had neither actual nor constructive knowledge" of these operative facts despite his diligence in trying to uncover them).[3]  Plaintiff's awareness of the underlying facts and injury is the relevant trigger for accrual; therefore it is this underlying factual basis, not the availability of a legal claim, that must be concealed for estoppel to lie.  *Id.*; *Mangum*, 575 F.3d at 940.  Therefore, Defendant will not be estopped on the basis of fraudulent concealment of facts that give rise to the forced labor claim.

In the alternative, Plaintiff alleges that Defendant deceived Plaintiff as to her legal rights by coercing her into signing waivers upon her termination and intimidating Plaintiff with threats of collecting on a sizable debt owed to Defendant.  Essentially, Plaintiff asks us to estop Defendant from asserting she is time-barred because Defendant allegedly misrepresented her legal rights and obligations.  (*See* FAC ¶ 30 ("Defendant not only fails to give proper notice, it gives a false notice of no rights.  The documents forced upon employees are part of a misinformation program designed to prevent employees from seeking what is their legal pay."); FAC ¶ 40 ("Much effort is made to convince the departing employee that the waivers, releases, confidentiality agreements and penalty clauses are legal."); *see also id.* ¶¶ 102-105).  Typically, equitable estoppel may only lie when: (1) the defendant fraudulently concealed material facts from the plaintiff; or (2) the defendant engaged in "conduct or [made] representations . . . which tend[ed] to lull the plaintiff into a false sense of security . . . ."  *Atkins*, 685 F.2d at 1149 (internal quotation marks and alterations omitted).  An example of the latter would be a party communicating to a plaintiff that it will not raise the statute of limitations defense, and then doing so.

However, we need not decide whether a misrepresentation as to law or legal rights is sufficient, as the Ninth Circuit clearly requires a plaintiff's reliance on the defendant's "conduct or representations" to be "reasonable."  *Santa Maria*, 202 F.3d at 1176.  Rather, we conclude that given the facts and circumstances surrounding Plaintiff's departure from Defendant as alleged in the FAC, Plaintiff's continued reliance was unreasonable.  While the above factual allegations, if true, certainly reveal attempts to evade liability and even to mislead Plaintiff as to her legal rights and available remedies, Plaintiff was able to seek legal counsel once she was free of Defendant's control and file suit.  Except for the allegations that she was under Defendant's "undue influence" and lacked "formal education or sophistication" (FAC ¶ 39), the Complaint does not allege that Plaintiff was truly convinced by Defendant's misrepresentations or was anything less than fully aware of the mistreatment she allegedly suffered.  Indeed, the Complaint clearly describes Plaintiff as someone who understood

---

[3] The Ninth Circuit noted in a footnote that the equitable doctrine of fraudulent concealment has been variously stated as a basis for equitable tolling and as a basis for equitable estoppel.  *Thorman*, 421 F.3d at 1094 n.3 (citing *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 194 (1997) ("[S]ome courts have said [that the doctrine of fraudulent concealment] 'equitably tolls' the running of a limitations period, while other courts have said it is a form of 'equitable estoppel.'") (citations omitted)).  In the Ninth Circuit, however, "fraudulent concealment and equitable estoppel are overlapping doctrines . . . ."  *Id.*

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3984-GHK (Ex) | Date | November 5, 2009 |
|---|---|---|---|
| Title | *Laura DeCrescenzo v. Church of Scientology International, et al.* | | |

her situation and made a calculated decision to "escape" by misrepresenting herself as suicidal.  Given this deliberate and successful attempt to force her termination and release, Plaintiff cannot reasonably rely on Defendant's representations as to her legal rights and obligations.  As we find Plaintiff's reliance was unreasonable, Defendant is not equitably estopped from raising a statute of limitations defense.

Moreover, there is no identifiable basis for equitable tolling after Plaintiff's termination in 2004.  "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim.  Unlike equitable estoppel, equitable tolling does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing." *Santa Maria*, 202 F.3d at 1178 (citation omitted).  Notably, Plaintiff does not allege any *factual* discovery in 2009 that led her to finally file a Complaint more than four years after her termination in 2004.  Accordingly, Plaintiff's knowledge of the operative facts giving rise to her claims was the same in 2004 as it was in 2009.  Plaintiff merely alleges that she "only recently learned that CSI may have legal responsibility for its wrongful conduct and that this legal responsibility would not be destroyed or lost by reason of documents Plaintiff was coerced into signing . . . ."  ) (FAC ¶ 88).  A claim accrues at the time Plaintiff knows or reasonably should know of the basis for a cause of action.  *Kimes v. Stone*, 84 F.3d 1121, 1128-29 (9th Cir. 1996).  As Plaintiff was at all times subsequent to her termination capable of "obtain[ing] vital information bearing on the existence of [her] claim," *see Santa Maria*, 202 F.3d at 1178, the applicable statute of limitations will not be tolled.

Accordingly, Plaintiff's federal forced labor claim under § 1595 is time-barred under the four-year statute of limitations provided by § 1658.  The Motion to Dismiss the § 1595 claim is hereby **GRANTED with prejudice** and **without further leave to amend** inasmuch as Plaintiff has already attempted to allege equitable tolling and equitable estoppel which we have decided to be inapplicable here as a matter of law.  As this is the only claim over which we have original jurisdiction, we hereby exercise our discretion to decline to entertain the remaining state law claims under 28 U.S.C. § 1367(c)(3).  The remaining state law claims are all hereby **REMANDED** to the court from whence they were removed.  Finally, Defendant's Motion to Strike is hereby **DENIED as moot**.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | Bea | |